# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7770 | **DATE** | 12/23/2002 |
| **CASE TITLE** | M.Y. Taxicab, Inc. vs. Shoenberger, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting in part and denying in part defendants' motion to dismiss. The motion to dismiss is denied as to paragraphs 13 (a) and 13 (b) of the complaint, but granted as to paragraphs 14-17. Discovery is ordered closed on 6/30/03. Any dispositive motion shall be filed by 7/31/03. If no motion is filed, pretrial order will be due by 7/31/03; and response to any motions in limine by 8/14/03. Pretrial conference set for 9/11/03 at 4:00 p.m. Trial set for 9/29/03 at 9:30 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 12/23/2002 | |
| | | 02 DEC 23 PM 5:28 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**DEC 2 4 2002**

M.Y. TAXICAB, INC., )
)
    Plaintiff, )
)
v. ) No. 02 C 7770
)
CAROLINE SHOENBERGER, THE CITY OF )
CHICAGO, MAYOR RICHARD M. DALEY, AND )
PAMELA HARRIS, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

I.

On August 29, 2002, plaintiff M.Y. Taxicab, Inc. ("Taxicab") was sanctioned by the City of Chicago's Department of Administrative Hearings ("DOAH"). An administrative law judge found that the company had violated city safety standards, ordered it to pay a penalty of $925, and suspended its taxi medallion for fifteen days. 35 days later, Taxicab appealed that decision by filing a complaint for administrative review in the Circuit Court of Cook County pursuant to 735 ILCS 5/3-101 et seq.. The complaint alleged that the administrative judgment violated both state and federal law and named as defendants Caroline Schoenberger, Commissioner of Consumer Services for the City of Chicago, Pamela Harris, the administrative law judge who had decided the case, Mayor Richard M. Daley, and the City of Chicago itself (collectively, "City"). City removed the case to this court and now moves to dismiss the case against it. I grant the motion in part and deny it in part.

II.

I first address the threshold question of whether removal of this case was proper. Taxicab asks this court to review both the merits of DOAH's decision and the constitutionality of the procedure by which it was reached. In *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997), the Supreme Court held that where a plaintiff seeks both review on the merits of a state administrative action and resolution of a federal question arising from that action, and the defendant removes the case, a federal district court may exercise its supplemental jurisdiction over the state matters and decide all the questions presented by the case. *See also M&Z Cab Corp. v. City of Chicago*, 18 F. Supp. 2d 941 (N.D. Ill. 1998) (Andersen, J.) (applying *Int'l College of Surgeons* to a case involving the suspension of a taxicab license). Taxicab's state and federal claims are thus properly before me.

III.

735 ILCS 5/3-101 *et seq.* grants to the Circuit Courts of the State of Illinois jurisdiction to review final decisions by administrative agencies of the State of Illinois or of any of its political subdivisions. 735 ILCS 5/3-107 states that "in any action to review any final decision of an administrative agency, the administrative agency ... shall be made [a] defendant." City argues that as DOAH, the deciding agency in this case, was not named a defendant, Taxicab's action is fatally defective and must be

dismissed. City is correct as to Taxicab's attempt to seek review of the merits of the agency's decision. Illinois courts strictly construe the requirement to name the agency as a defendant. *See Ellis v. Stanley*, 235 Ill. App. 3d. 992, 994 (1992) (holding that "plaintiff's unexplained failure to name the [agency] and serve summons within 35 days mandated dismissal of the complaint without leave to amend.").

Taxicab argues in response that naming the City of Chicago was tantamount to naming BOAH, as the city may serve as an administrative agency. The *Ellis* court explicitly rejected this argument, finding that the sub-entity which entered the final decision was the party contemplated by 735 ILCS 5/3-107. *Ellis*, 235 Ill. App. 3d at 995. *See also New York Carpet World v. Dept. of Employment Sec.*, 283 Ill. App. 3d 497, 500 (1996) (holding that the party which made the final administrative decision from which plaintiff was appealing had to be individually named and served, even if the governmental entity of which it was an arm was named and served). Thus, Taxicab has lost its opportunity to appeal DOAH's decision.

However, insofar as Taxicab's complaint is not simply an appeal of an administrative finding, but an accusation that the named parties violated its constitutional right to due process, the claim is sustainable under 42 U.S.C. § 1983, and this court has jurisdiction to hear it pursuant to 28 U.S.C. § 1331. Such a claim

need not conform to the strict pleading standards of 735 ILCS 5/3-101 *et seq.*. Thus, City's motion to dismiss is denied as to paragraphs 13(a) and 13(b) of Taxicab's complaint, but granted as to paragraphs 14-17.

Defendants' motion to dismiss is DENIED IN PART AND GRANTED IN PART.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: December 23, 2002